UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORRAINE HAVARD as Guardian of
CHELSIE BARKER, a minor,

      Plaintiff,

v.

DEPUTY PUNTUER, DEPUTY GRIFFIN,
C. FRAZIER, R.N., jointly and severally,

      Defendants.
_____/

Case No. 2:06-cv-10449

HONORABLE STEPHEN J. MURPHY, III

## ORDER

This matter comes before the Court on the plaintiffs' motion to disqualify the Court.

The Court will not set the motion for a hearing under Local Rule 7.1(e).  Our local rules provide that the Court will hold hearings on motions other than motions for rehearing or reconsideration, motions for reduction in sentence, or motions in civil cases where a party is in custody, unless the judge orders their submission and determination without oral argument on the briefs that have been filed. Here, the Court is entirely able to rule on the papers submitted and therefore orders determination of this matter without a hearing.

A district judge should consider recusing himself or herself when a party to a proceeding makes and files a timely affidavit stating sufficient facts that the judge before whom the matter is pending has a personal bias or prejudice against a party or in favor of any adverse party.  Affidavits are properly filed not less than 10 days before the beginning of the term at which the proceeding must be heard. 28 U.S.C. § 144.

The Court finds the motion here to be untimely. The Court notes that the first time the plaintiffs raised the issue of bias was after the Court held a full hearing and oral argument on a dispositive motion that had been filed by the defendants in the case, almost two months after the Court had first been assigned to the matter.  See e.g., *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (motion for recusal filed after conclusion of trial is presumptively untimely).   A disqualification issue is timely "if is submitted 'at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification.'" *Scott. v. Metropolitan Healthcare Corp.*, 234 F. App'x  341, 352 (6th Cir. 2007) (*quoting United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir.1993)).

For the reasons stated above, the plaintiffs' Motion for Disqualification is untimely and therefore denied.

**SO ORDERED**

                            s/Stephen J. Murphy, III
                            STEPHEN J. MURPHY, III
                            UNITED STATES DISTRICT JUDGE

Dated: January 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2009, by electronic and/or ordinary mail.

                            Alissa Greer
                            Case Manager