UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORRAINE HAVARD as Conservator of
CHELSIE BARKER, a minor,

                                 Plaintiff,   CIVIL CASE NO. 06-cv-10449

v.                                        HONORABLE STEPHEN J. MURPHY, III

DEPUTY ANN PUNTER, et al.,

                                 Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF COURT'S ORDER DATED JANUARY 22, 2009,
DENYING PLAINTIFF'S MOTION FOR RECUSAL** (docket no. 34)

This is a civil rights case brought pursuant to 42 U.S.C. § 1983 by the conservator of a minor, Chelsie Barker, claiming that Barker was deprived of her federal constitutional rights when various agents and employees of Wayne County, Michigan and the Wayne County Jail allegedly failed to render medical assistance to her mother, an inmate of the jail, before, during, and immediately after Chelsie's birth at the Wayne County Jail.

This matter comes before the Court on the plaintiff's motion for reconsideration of the Court's Order of January 22, 2009 denying plaintiff's motion for recusal pursuant to 28 U.S.C. § 455. In her initial motion, the plaintiff sought the recusal of the undersigned because of a prior investigation and prosecution of Mr. Geoffrey Fieger, whose law firm is representing the plaintiff in this case. The recusal motion was filed more than two months after the case was transferred to the undersigned and after the hearing was held on the defendants' motion for judgment on the pleadings. The Court's Order of January 22, 2009

denied the plaintiff's initial motion for recusal on the grounds that the motion was untimely. The plaintiff argues on reconsideration that the Court erred by denying recusal on the basis of untimeliness because timeliness is a factor in recusals sought under 28 U.S.C. § 144 but not for recusals sought under 28 U.S.C. § 455.

The Court denies plaintiff's motion for reconsideration because, even putting aside the issue of timeliness, there are no grounds that would require recusal under either provision. 28 U.S.C. § 455 states, "Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The standard of inquiry is an objective one; it asks "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

The Court notes that there is no allegation of a possible appearance of bias against the plaintiff herself. Indeed, the Court is aware of no fact about the plaintiff or her case which would lead a reasonable person to even begin to entertain the question of the impartiality of the Court. Instead, the plaintiff asserts in her motion that there may be a possible appearance of bias against the plaintiff's counsel. The Fourth Circuit Court of Appeals has stated the following:

> Bias against an attorney is not enough to require disqualification under § 455 unless petitioners can show that such a controversy would demonstrate a bias against the party itself. *Davis v. Board of School Com'rs of Mobile County*, 517 F.2d 1044, 1050-52 (5th Cir. 1975), *cert. den.* 425 U.S. 944, 48 L. Ed. 2d 188, 96 S. Ct. 1685 (1976); 13A Wright, Miller & Cooper, Fed'l Pract. & Proc. § 3542 at 576. For the bias against the attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney because of his conduct. *Davis* at 1051. Antipathy to an attorney is insufficient grounds for disqualification of the judge. *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1398 (8th Cir. 1983).

*In re Beard*, 811 F.2d 818, 830 (4th Cir. 1987).  In the *Beard* case, the Fourth Circuit found that strong, personal criticism of the one of the attorneys did not require disqualification. *Id.*

Here, the Court has undertaken a careful review and consideration of the particular circumstances of the case.  The Court has no bias or prejudice against Mr. Fieger, the attorneys in Mr. Fieger's law firm, or Mr. Fieger's clients.  More importantly, the Court finds that its past relationship with Mr. Fieger is not of such a nature as to require this Court's disqualification from every future case in which Mr. Fieger's law firm is involved.  Plaintiff's arguments to the contrary are based in large part on significant factual inaccuracies in her account of undersigned's involvement in the investigation and prosecution of Mr. Fieger. This case has proceeded past the motion to dismiss stage and the Court has issued an order on defendants' motion to dismiss that cannot in any way be interpreted to demonstrate bias toward any party to this action.  Accordingly, the Court concludes that a reasonable person with knowledge of the relevant facts would not question the undersigned's impartiality in presiding over the plaintiff's case.

**WHEREFORE,** it is hereby **ORDERED** that the plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        UNITED STATES DISTRICT JUDGE

Dated: June 4, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2009, by electronic and/or ordinary mail.

                                         <u>Alissa Greer</u>
                                         Case Manager