UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Lorraine Havard, as**
**Conservator of C.B., a minor,**

        **Plaintiffs,**        Civil Action No. 06-10449

        vs.        **District Judge Stephen J. Murphy**

**Wayne County, et al.,**        **Magistrate Judge Mona K. Majzoub**

        **Defendants.**
_____/

**ORDER**

In this civil rights case by the conservator of a minor, Chelsie Barker, Plaintiffs alleges that Barker was deprived of her federal constitutional rights when various agents and employees of Wayne County, Michigan and the Wayne County Jail allegedly failed to render medical assistance to her mother, an inmate of the jail, before, during, and immediately after Chelsie's birth at the Wayne County Jail. (*See* Dkt. 43, June 4, 2009 Order.)

Currently before the Court is Plaintiffs' renewed motion for attorneys' fees and costs. (Dkt. 110.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 111.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order.[1]

**I.**    **Plaintiff's motion**

On May 9, 2012 Judge Murphy granted Plaintiffs' motion for costs and attorneys' fees.

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

(Dkt. 83, May 9 Order at 15.)  Judge Murphy awarded the reasonable costs and attorneys' fees dating back to February 17, 2012.  (*Id*. at 2.)

In their motion, Plaintiffs have requested the following amounts:

Costs:
| | |
|---|---|
| Postage: | $430.25 |
| Copies: | $1,119.43 |
| Phone: | $7.97 |
| PACER: | $0.72 |
| WestLaw: | $1,569.28 |
| Travel: | $1,050.40 |
| Travel time: | $8,000.00 |
| Fieger copying: | $895.55 |

Attorneys' fees:
| | |
|---|---|
| G. Fieger: | $5,000.00 ($1,000 x 5 hours) |
| J. Beam: | $8,800.00 ($550.00 x 16 hours) |
| D. Raymond: | $1,100.00 ($550.00 x 2 hours) |
| L. Weinstein: | $18.000.00 ($450.00 x 40 hours) |
| C. Briggs | $8,850.00 ($150.00 x 59 hours) |

Total:             $54,823.60

(Pls.' Renewed Mot. for Sanctions, Ex. A.)

## II.    Attorneys' fees standard

To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010).  The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett*, 2011 WL 740460, at *2 (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  "[A] [c]ourt may consider various factors in making its calculation, including '[t]he reasonable hourly rate in the community[,] . . . the attorney's actual billing rate and fee awards from prior cases[, and] a court may determine a reasonable rate based on its own expertise and judgment.'" *Id*. (quoting *Wells v. Corporate Accounts*

*Receivable*, 683 F.Supp.2d 600, 602 (W.D.Mich. 2010) (insertions in original, original citation omitted).

> The Supreme Court has also instructed:
>
> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

### III.   Analysis

The Court finds that both the hourly rates and hours expended are unreasonable. The Court will address the rates and hours in turn.

#### 1.   Reasonable hourly rate

The Court finds that the requested hourly rates are unreasonable for this district.[2] The Court will therefore lower the rates. To begin, Mr. Fieger has requested an hourly rate of $1000 per hour. The Court finds this hourly rate to be outrageous and contrary to guiding law that an attorney's rate

---

[2] "According to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (Enslen, C.J.) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (And quoting authority for the proposition that "[A] renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate.") (citation omitted).

be reasonable in light of prevailing rates in the district. And courts in this circuit have reduced Mr. Fieger's rate when he has requested the same hourly fee. Mr. Fieger therefore should be on notice and should know that his requested rate is unreasonable. *See Pirolozzi v. Stanbro*, 07-798, 2009 WL 3624919 (N.D.Ohio Oct. 29, 2009) (Gwin, J.) (adopting a report and recommendation that reduced Mr. Fieger's hourly rate to $400/hour and the associates working on the case to $200/hour and $100/hour.); *see also Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (Enslen, C.J.) (reducing Mr. Fieger's $1000 requested rate to $250/hour.).

The Court also looks to the most recent *Economics of Law Practice* survey issued by the State Bar of Michigan to determine the prevailing market rate. *See Moore v. Menasha Corp.*, 08-1167, 2011 WL 811150, at *5 (W.D.Mich. Mar. 1, 2011) (Bell, J.).[3]

Given case law and the *Economics of Law Practice* survey and given the fact that the Court recognizes that Mr. Fieger is one of the most well-known civil rights attorneys in the Metro Detroit area, the Court finds that an hourly rate of $450 is reasonable. In making this decision, the Court looked at the case law and the survey and factored in the role Mr. Fieger played in the motion for which Judge Murphy granted sanctions.[4] Given Mr. Fieger's limited role and time spent on the motion, the Court finds that $450 per hour is reasonable.

The Court is less familiar with Mr. Beam. From his affidavit, he appears to be a named partner at the law firm of Beam and Raymond and that he has been an attorney for forty-two years. Looking to the *Economics of Law Practice* survey, the Court finds that, as an apparent managing

---

[3]*See* http://www.michbar.org/pmrc/articles/0000146.pdf (Last visited August 13, 2011).

[4]The Court notes that the survey shows that a 75th percentile managing partner bills at $315 per hour, while a 95th percentile managing partner bills at $500 per hour. Http://www.michbar.org/pmrc/articles/0000146.pdf

4

partner practicing in the medical malpractice field, a rate of $400 is reasonable.

As for Mr. Raymond–apparently a managing partner with Mr. Beam, and having practiced since 1981, the Court finds that a rate of $350 is reasonable.

As for Ms. Weinstein, an associate at Beam and Raymond, who has been practicing since 2006, the Court finds, looking at the *Economics of Law Practice* survey, that a rate of $275 is reasonable.

Finally for Ms. Briggs, a paralegal, the Court finds that her $150 billing rate is too high for this type of motion and therefore reduces her rate to $100 per hour. *See Pollick v. Kimberly-Clark Corp.*, 11-12420, 2012 WL 1205647, *3 (E.D.Mich. Apr. 11, 2012) (Ludington, J.) (noting that $157.25 legal assistant and $561 lead counsel rates were "at the high end of the range of fees customarily charged in this locality.").

The Court finds that these rates are reasonable given the prevailing rates in this community. *See Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F.App'x 498 (6th Cir. 2006) (affirming the district court's reduction of a lead attorney's $370 billing rate to $200 and finding the $200 amount to be "sufficient to encourage competent lawyers in the relevant community to undertake legal representation."); *see also Allegra Network LLC v. Bagnall*, 11-11131, 2012 WL 1902839, at *2 (E.D.Mich. May 25, 2012) (Cleland, J.) (citing cases for the proposition that average hourly rates in the range of $200-250 were reasonably.).

### 2. Hours expended

As stated above, the Court must be assured that the hours expended were reasonable. The Court pays attention to whether cases are overstaffed, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to

5

give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 05-70110, 2011 WL 204750, at * (E.D.Mich. Jan. 21, 2011) (Roberts, J.) (internal quotation marks and citations omitted) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case." "The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* (citation omitted). If the documentation of hours is inadequate, "the district court may reduce the award accordingly." *Id.* (citation omitted).).

Here, the Court finds that hours documentation is inadequate for all the attorneys and Ms. Briggs. Plaintiffs' affidavits only describe the work performed in the most basic of terms: edit, review, finalize, etc. Plaintiffs have not explained why the motion and renewed motion needed Ms. Briggs, Ms. Weinstein, and Mr. Raymond all to draft, review, edit, and finalize the motion and renewed motion. And Plaintiffs further do not explain why attorneys with so much experience needed to spend so much time on the motions. Plaintiffs have failed to describe the work performed with sufficient detail. The Court therefore must reduce Plaintiffs' hours-spent requests accordingly.

Mr. Fieger states that spent five hours on this case in the form of conference calls, discussions, and debriefings. The Court finds that these hours are unreasonable. The Court reduces the time to two hours. The Court agrees with Defendants that five hours is an unreasonable amount of time to spend on conference calls and debriefings related to a routine discovery issue.

Mr. Beam states he spent 16 hours drafting, editing, and finalizing the pleadings and participating in numerous meetings, discussions, and conferences, and traveling to and attending the

6

hearing. Despite his calculation, the Court has calculated, based on his affidavit, that Mr. Beam actually claims to have worked 24 hours on the motion. (Beam Aff.) While the Court will not reduce the eight hours of travel time, the Court reduces the remaining sixteen hours by half, for a total of sixteen hours. The Court finds that eight hours is a reasonable amount of time to spent on conference calls, reviewing missing discovery, and drafting, editing, and reviewing the motions before filing.

Mr. Raymond states that he spent two hours on this matter; the Court will reduce this amount to one hour.

Ms. Weinstein states that she spent forty hours during the relevant time period. By the Court's calculation, though, Ms. Weinstein spent a total of fifty-two hours on case. (Weinstein Aff.) The Court again will not reduce the travel time, but will reduce the remaining forty-four hours to sixteen hours, finding that that amount of time would have been a reasonable amount of time to spend on the matter..

And finally, Ms. Briggs states she spent fifty-nine hours on the case. The Court reduces this amount to twenty hours, finding that amount reasonable.

The Court awards:

Attorneys' fees (including Beam and Weinstein's travel time):

    G. Fieger:           $900.00 ($450 x 2 hours)
    J. Beam:            $6,400.00 ($400 x 16 hours)
    D. Raymond      $350.00 ($350 x 1 hours)
    L. Weinstein     $6,600.00 ($275 x 24 hours)
    C. Briggs         $2,000.00 ($100 x 20 hours)

Total attorneys' fees: $16,250.00

**3.      Costs**

Plaintiffs have also requested costs, as follows:

| | |
|---|---|
| Postage: | $430.25 |
| Copies: | $1,119.43 |
| Phone: | $7.97 |
| PACER: | $0.72 |
| WestLaw: | $1,569.28 |
| Travel: | $1,050.40 |
| Fieger copying: | $895.55 |

The Court reduces the postage and copies amount to $800. Plaintiffs have not provided any basis from which the Court could determine that the $430.25 and $1,119.43 amounts were reasonable. Even in their reply, Plaintiffs do not give the Court any basis to determine whether the charges are reasonable (pages or costs). The Court will reduced the Fieger copying rate, which charged thirty-five cents per page to ten cents per page. *See Mary-Jo Hyldahl v. AT&T*, 07-14948, 2009 WL 2567197, at * 4 (E.D.Mich. Aug. 17, 2009) (Ludington, J.) (reducing copying rate from twenty-five cents to ten cents). The Court therefore awards $255.87 for the Fieger copying fee.[5] As for the WestLaw charges, while the Court recognizes that some research was needed for the motions, the Court agrees with Defendants and finds that the WestLaw research was not detailed with enough specificity for the Court to determine that the research appropriately reasonable and related to the motions. The Court awards $800 for the research. The Court leaves the remaining amounts in place. In summary, then, the Court awards:

| | |
|---|---|
| Postage and copies: | $800.00 |
| Phone: | $7.97 |
| PACER: | $0.72 |
| WestLaw: | $800.00 |

---

[5]The Court calculated this amount by dividing the $895.55 by .35 to get the number of pages, and then multiplying the number of pages by .10. While the Court recognizes that some of this "Fieger copying" amount included a $32 hand-delivering postage charge, the Court finds that this reduction is reasonable even given the imprecise calculation.

```
Travel:            $1,050.40
Fieger copying:    $255.87
```

Total costs:       $2,914.96

## IV.  Conclusion

The Court therefore awards $19,164.96 in attorneys' fees and costs to Plaintiffs. The Court orders payment to be made within 30 days.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 20, 2012          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 20, 2012          s/ Lisa C. Bartlett
                                Case Manager